1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K&H Manufacturing Co., an Arizona corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Strong Industries, Inc., a Texas corporation,<br><br>        Defendant. | No. 07-01636-PHX-DGC<br><br>**ORDER** |

On October 30, 2003, Plaintiff K&H Manufacturing Co. and Defendant Strong Industries, Inc., entered into a dealer agreement, which included the following forum selection clause: "[e]ach party hereto submits to the exclusive jurisdiction of the state and federal court of the State of Texas and to venue in Houston, Harris County, Texas." Defendant has moved to enforce the forum selection clause pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Dkt. #12. Plaintiff objects to enforcement of the clause for three reasons: 1) it is too ambiguous to constitute a forum selection clause, 2) even if construed as a valid forum selection clause, it is unreasonable and must be set aside because the underlying contract was the product of Defendant's overweening bargaining power, and 3) in any case, a weighing of the factors listed in the change of venue statute, 28 U.S.C. § 1404(a), dictates that Arizona, not Texas, is the proper venue for this action. Dkt. #14.

1  Defendant filed a reply. Dkt. #19. Having considered the parties' arguments, the Court will
2  grant Defendant's motion.[1]

3  **I.     Validity of the Forum Selection Clause.**

4  As a threshold inquiry, the Court must determine whether the clause in question is
5  sufficiently clear to constitute a valid forum selection clause. Plaintiff contends that the
6  provision is ambiguous because it "fails to describe at all *what* it is intended to cover."
7  Dkt. #14 at 4 (emphasis in original). Defendant argues that even if the clause does not
8  explicitly describe what it covers, the only possible meaning of the clause is that "if the
9  parties litigate, they will do so in Texas." Dkt. #19 at 2. The Court agrees.

10 Because the scope of a forum selection clause is a matter of contract, the Court is
11 required to discern the intent of the parties in determining what effect, if any, to give the
12 clause. *See Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632 (9th Cir.
13 1982). Based on several considerations, the Court concludes that the parties intended for the
14 provision to cover disputes under the agreement. The plain language of the provision
15 supports this finding.[2] "A primary rule of interpretation is that '[t]he common or normal
16 meaning of language will be given to the words of a contract unless circumstances show that
17 in a particular case a special meaning should be attached to it.'" *Hunt Wesson Foods, Inc.*
18 *v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (quoting 4 S. Williston, A Treatise on
19 the Law of Contracts § 618 (W. Jaeger 3d ed. 1961)). The forum selection clause states that
20 Plaintiff and Defendant each "submits to the exclusive jurisdiction" of Texas courts and to
21 a particular "venue" within Texas, clearly contemplating litigation regarding the parties'

---

[1] The parties' request for oral argument is denied because the parties have thoroughly briefed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

[2] As the Court concludes that the clause is unambiguous, the principle that the tie goes to the non-drafting party where ambiguous language is concerned (*see* Dkt. #19 at 6-7) does not apply. The Court is nonetheless required to "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party[.]" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

contractual relationship. There is no limiting language suggesting that only certain types of actions are subject to the clause.

Despite Plaintiff's argument to the contrary, Defendant's interpretation of the provision is consistent with the preceding sentences in the paragraph containing the clause. The paragraph provides:

> Any provision of this Agreement prohibited by law shall be ineffective (only to the extent of and wherever such provisions shall be applicable) without invalidating any other provisions hereof. This Agreement shall be construed, exclusively, according to the laws of the State of Texas and to the laws of the United States of America. Each party hereto submits to the exclusive jurisdiction of the state and federal court of the State of Texas and to venue in Houston, Harris County, Texas.

Dkt. #14 at 5-6. The first two sentences clearly concern the parties' agreement. The first is a standard severability clause. The second states that the agreement is to be construed according to Texas law.[3] Both concern the treatment and interpretation of the agreement if disputes arise. The third states where such disputes will be resolved – in Texas federal or state court.

Plaintiff notes that forum selection clauses discussed in Defendant's motion contain phrases such as "any action brought hereunder" or "any disputes regarding the agreement," whereas the provision at issue does not. Dkt. #14. But Plaintiff has not cited any cases where the absence of such language deprives a forum selection clause of a particular meaning or invalidates it entirely. By contrast, Defendant cited a case in which the district court upheld a forum selection clause that stated only: "[t]his agreement is subject to English Law and the English courts shall be the courts of competent jurisdiction." *Appell v. George Philip and Son, Ltd.*, 760 F.Supp. 167, 168 (D. Nev. 1991).

---

[3]Plaintiff claims that "[a]t best, this provision appears to merely favor, rather than choose, Texas laws over other state laws." Dkt. #14 at 6. This argument cannot be squared with the fact that the paragraph provides that the agreement is to be "exclusively" interpreted under federal law or, where state law applies, the law of Texas. *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989); *Hunt Wesson*, 817 F.2d at 77-78.

- 3 -

The Court additionally finds that claims brought by Plaintiff fall within the purview of the dealer agreement. The first and sixth causes of action refer to "contractual restraints" or "restrictive covenants" in the agreement (*see* Dkt. #1 at 9-11, 13-14), and the seventh cause of action alleges breach of the agreement itself (*see id*. at 14). Other claims, although arguably closer calls, also implicate the agreement. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). The second cause of action alleges misappropriation of customer information that Defendant demanded pursuant to the agreement (*see id*. at 7-8, 11-12), the third cause of action alleges, in part, Defendant's improper use of information "obtained through its contractual relationship" with Plaintiff (*id*. at 12), the fourth cause of action alleges that Defendant made defamatory statements to the customers Defendant learned of through the agreement (*see id*. at 8, 13), and the fifth cause of action alleges that the aforementioned conduct, including wrongfully using information obtained via the agreement, constitutes unfair competition (*see id*. at 13). All claims relate in some way to the agreement that is the subject of the forum selection clause.

## II.     Enforceability of the Forum Selection Clause.

"[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)) (internal quotes omitted). In *Bremen*, the Supreme Court held that a forum selection clause may be found unreasonable (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching," (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and quoting *Bremen*, 407 U.S. at 12-13)(internal quotes omitted). The Ninth Circuit has noted that the unreasonableness exception to the enforceability of forum selection clauses is to be "narrowly" construed. *Argueta*, 87 F.3d at 325. And the

Supreme Court has stated that given commercial realities, "the forum clause should control absent a strong showing that it should be set aside." *Bremen*, 407 U.S. at 15.

Plaintiff argues that the forum selection clause is unenforceable because the agreement was obtained through Defendant's "overweening bargaining power." Dkt. #19 at 7. In particular, Plaintiff asserts that it was in need of trailing axles in order to fill a customer's order that were only available from Defendant, and that Defendant – sensing Plaintiff's position and perhaps perturbed that it did not obtain that same customer's business – agreed to provide Plaintiff with the requisite trailing axles only if it signed a form dealer agreement which contained the forum selection clause at issue here. *Id.* Plaintiff states that Defendant "refused to negotiate *any* of the terms" in the agreement. *Id.* (emphasis in original).

Plaintiff has not met its burden of proving that the clause is unreasonable. Plaintiff cites to *Corna v. Am. Hawaii Cruises, Inc.*, 794 F.Supp. 1005 (D. Hawaii 1992), a case in which the plaintiffs were two cruise passengers who "received the tickets 2 to 3 days before the cruise departure date because they were taking the cruise on a standby rate" and who "would have forfeited the entire ticket price if they canceled their trip at that time." *Id.* at 1011. The district court, noting that "plaintiffs did not have an option to reject the cruise contract without forfeiting several thousands of dollars," ruled that the forum selection clause in the passenger ticket agreement was not reasonable. *Id.*

As Defendant notes, the court in *Corna* limited its holding "to the forum-selection clause *as applied to these plaintiffs*." *Corna*, 794 F.Supp. at 1012 (emphasis in original). The *Corna* court thus suggested that its analysis does not extend beyond the circumstances of that case. *Corna* is also distinguishable from the undisputed facts of this case. The parties in this action are two sophisticated businesses, not passengers suing a corporate entity. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007) (finding relevant, in concluding that a forum selection clause was enforceable, that the parties to the agreement were two corporations). Plaintiff in this case had approximately nine days to review the agreement (*see* Dkt. #14 at 8), as opposed to the two or three. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (rejecting contention that a forum

- 5 -

selection clause in a form contract was unfair in part because the respondents had been given reasonable notice of the provision's existence). Moreover, while the plaintiffs in *Corna* would have faced a "100% forfeiture" of the money paid and the imposition of additional penalties, *Corna*, 794 F.Supp. at 1012, the loss to Plaintiff in this case for failing to fill its order is speculative. Plaintiff states that it would have been liable for breach of contract (*see* Dkt. #15 ¶11), but whether liability would have followed, and the extent of the liability, is uncertain.

"[A] forum selection clause is not unconscionable despite the fact that the clause may now be disadvantageous to [a party], it was presented to [the party] on a take it or leave it basis[,] or it is a form contract." *Best Western Intern., Inc. v. Brice Hotel, Inc.*, No. CIV-05-0889, 2006 WL 213993, at *3 (D. Ariz. Jan. 25, 2006) (citing cases); *see also Murphy*, 362 F.3d at 1141 ("a differential in power . . . on a non-negotiated contract will not vitiate a forum selection clause."). The Court concludes that Plaintiff has not alleged sufficient facts to overcome the strong presumption in favor of enforcing forum selection clauses.

**III.    Policy Considerations.**

Plaintiff urges the Court to consider the factors outlined in 28 U.S.C. § 1404(a) and argues that a weighing of those factors points to Arizona as the proper venue for this action. *See* Dkt. #14.[4] Defendant contends that a balancing of these factors is not appropriate, as it seeks dismissal of this case pursuant to Rule 12(b)(3) or its transfer pursuant to 28 U.S.C. § 1406(a). *See* Dkt. #19.[5]

Even considering the factors addressed by section 1404(a), the Court concludes that the forum selection clause should be enforced. As noted above, the Court is not persuaded

---

[4] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

[5] 28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

that the clause is unreasonable due to any alleged overreaching or disparity in bargaining power between two sophisticated businesses. Plaintiff was given notice of the clause; litigation in the designated forum was therefore foreseeable. There is no evidence that the clause was implemented to deprive Plaintiff of its day in court, or to make unduly inconvenient Plaintiff's participation in any proceedings based on the agreement.

Plaintiff asserts that it does business in Arizona and that its customers are located here. Plaintiff has not demonstrated, however, that it would be unable to litigate this matter in the forum agreed to, or that litigation in Texas would be unduly prejudicial. Plaintiff's reasons for preferring Arizona, although valid, simply do not outweigh the "strong policy in favor of the enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006).

**IT IS ORDERED:**

1. Defendant's motion to enforce the forum selection clause (Dkt. #12) is **granted**.
2. This matter is dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.
3. The Clerk is directed to **terminate** this action.

DATED this 4th day of January, 2008.

David G. Campbell
United States District Judge